MERIN v. MINSKER YOUNG MEN'S COMMERCIAL AID ASS'N.

(Supreme Court, Appellate Term, First Department. May 7, 1914.)

1. BENEFICIAL ASSOCIATIONS (§ 20*) — RECOVERY OF BENEFITS — BURDEN OF PROOF.

Where the by-laws of a society provided for a payment of $100 in case of the marriage of its members, but that the society should have the right, if necessary, to pay such gifts according to its circumstances, the society, in an action for such a wedding gift, has the burden of showing that its circumstances were such that the member could not recover.

[Ed. Note.—For other cases, see Beneficial Associations, Cent. Dig. §§ 51–56; Dec. Dig. § 20.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. BENEFICIAL ASSOCIATIONS (§ 5*)—CHARTERS—ULTRA VIRES BY-LAWS.

> Where the articles of incorporation declared that the object of a society was to give voluntary aid in case of business reverses, to elevate the moral and social standing of its members, and to provide a decent burial, a by-law providing for a wedding present of $100 upon the marriage of a member was not ultra vires, for such presents not only tended to elevate the moral and social standing of the donees, but to promote matrimony.

> [Ed. Note.—For other cases, see Beneficial Associations, Cent. Dig. §§ 5, 6;  Dec. Dig. § 5.*]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Isaac Merin against the Minsker Young Men's Commercial Aid Association. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued April term, 1914, before GUY, PAGE, and WHITAKER, JJ.

Louis J. Finkelstein, of New York City, for appellant.

Joseph E. Jacobs, of New York City (Gerson C. Young, of New York City, of counsel), for respondent.

GUY, J. This action was brought to recover the amount of a promissory note for $100, executed by defendant and delivered to plaintiff in payment of a wedding gift, which plaintiff claims he was entitled to as a member of defendant society.

The evidence shows that plaintiff had been for several years a member in good standing of defendant society, when he married in January, 1912, and that the by-laws of defendant society provide that, after membership continuing one year, any member, upon marrying a Jewish woman according to the rites of the Jewish faith, shall be entitled to the sum of $100 as a wedding gift, provided 30 days' notice is previously given to the society of his intention to marry. Due notice and the performance of the marriage in the manner required by the by-laws was proven. The by-laws further provide that the society shall have the right, if necessary, to pay the wedding gifts or presents "according to the circumstances of the society."

[1] It is contended by the appellant that the burden was on the plaintiff to show the circumstances of the society, and that, failing to do so, plaintiff could not recover. This contention was properly overruled by the trial court. If the circumstances of the society were such as to prevent compliance with the by-law, the burden was on the defendant society to establish that fact.

[2] The remaining ground urged upon this appeal is that, under the provisions of the articles of incorporation, the by-law providing for the payment of wedding gifts is ultra vires, and therefore null and void. The objects of the society, as stated in the articles of incorporation, are as follows:

"To give voluntary aid in case of business reverses, to give voluntary aid in case of sickness and distress, to meet and discuss the topics of the day, to elevate the moral and social standing of its members, and to provide a decent

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

burial of the members and their families after their decease according to the rites of the Jewish religion."

The court below held, in denying defendant's motion for a dismissal of the complaint, that the possession of a certain amount of money would elevate the social and moral standing of the possessor, and that the by-law in question was, therefore, within the purpose of the articles of incorporation.

We think, however, that the validity of the by-law in question is maintainable upon a much more serious ground. It is a generally recognized principle of government that marriage tends to promote morality, and establish and maintain social good order. The purpose of this by-law was to encourage marriage on the part of its members in accordance with such forms and ceremonies as would tend to perpetuate the religious faith of its members. This provision is, therefore, clearly within one of the declared purposes of the incorporation. The by-law was duly adopted, has been for a long time acquiesced in by all the members, and wedding gifts paid to a large number of members; the money being raised by assessment, in which plaintiff participated. The repudiation of the by-law now, instead of promoting the moral or social welfare of the members joining in such repudiation, would tend to degrade them.

The judgment should therefore be affirmed, with costs.

WHITAKER, J., concurs. PAGE, J., concurs in the result.